ORIGINAL

UNITED STATES COURT OF INTERNATIONAL TRADE

FEI COMPANY

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**Court No. : 01-00657**

**COMPLAINT**

Plaintiff, FEI Company, through its attorneys, Meeks & Sheppard, alleges the following as its complaint in this action:

1. The plaintiff is an importer of merchandise into the United States, and has paid Harbor Maintenance Fees ("HMFs") to the United States Customs Service in connection with such importations as alleged below.

2. This action challenges the HMF imposed on import shipments of commercial cargo pursuant to 26 U.S.C. § 4461, and asks for a refund of each and every HMF paid by plaintiff.

**STANDING AND JURISDICTION**

3. Plaintiff has standing to bring this action as it is an importer of merchandise into the United States and has paid the HMFs to the United States Customs Service.

4. The U.S. Court of International Trade possesses exclusive jurisdiction over this action under 28 U.S.C. § 1581(i)(1), and (4). *Thomson Consumer Electronics v. United States,*

Court No. 00-1091 (CAFC, April 18, 2001) This action arises out of a law of the United States providing for "revenue from imports or tonnage," and "the administration and enforcement" of these matters. In addition, this action involves a federal question reviewable under 28 U.S.C. § 1331 and is properly before the Court of International Trade.

5. In accordance with 28 U.S.C. § 2636(i), the summons and complaint in this action were filed and this action commenced within two years after the date of receipt of plaintiff's payment of duties allegedly due under 26 U.S.C. § 4461 and in accordance with the regulatory payment period proscribed in Section 24.24(e)(3)(ii), Title 19 of the Code of Federal Regulations.

**BACKGROUND**

6. The provision being challenged is the Water Resources Development Act of 1986 (P.L. 99-662), codified at 26 U.S.C. § 4461 and § 4462 (the "Act") which provides in relevant part:

**§ 4461. Imposition of Tax**

(a) **General rule.**-There is hereby imposed a tax on any port use.

(b) **Amount of tax.**-The amount of tax imposed by subsection (a) on any port use shall be equal to 0.125 percent of the value of the commercial cargo involved.

(c) **Liability and time imposition of tax.**-

(1) Liability - The tax imposed by subsection (a) shall be paid by --
(A) in the case of cargo entering the United States, the importer,

(B) in the case of cargo to be exported from the United States, the exporter, or

(C) in any other case, the shipper.

(2) Time of Imposition - Except as provided by regulations, the tax imposed by subsection (a) shall be imposed–

(A) in the case of cargo to be exported from the United States, at the time of loading, and

(B) in any other case, at the time of unloading.

**§ 4462. Definitions and special rules**

(a) **Definitions.**-For purposes of this subchapter–

(5) Value -

(A) In general.-The term "value" means, except as provided in regulations, the value of any commercial cargo as determined by standard commercial documentation.

## CLAIM AND BASIS FOR RELIEF

## AS AND FOR A FIRST CAUSE OF ACTION

7. Plaintiff realleges and incorporates paragraphs 1-6 above.

8. The HMF is an *ad valorem* tax, assessed on the value of commercial cargo entering or shipped within the United States. Currently, the HMF is set at 0.125 percent of the value of the cargo. Prior to January 1, 1991 the tax was assessed at 0.04 percent of this value.

9. Section 24.24(e)(3)(i), Title 19 of the Code of Federal Regulations specifically provides that, in the instance of importations, the fee is based on the U.S. Customs appraised value of the shipment pursuant to 19 U.S.C. § 1401a. Therefore, for cargo imported into the United States, it is specifically the importer who is liable for payment of the HMF.

10. The HMF was declared an unconstitutional tax on exports by the U.S. Supreme Court in *U.S. v. U.S. Shoe Corp.* 118 S. Ct. 1290 (1998).

11. The HMF as applied to exports is tied inseparably to the Act as applied to imports, and the HMF obligations imposed thereunder and, therefore, the entire Act must fail. Where it is

plain that Congress would not have enacted the legislation had it been limited, or that the matter is in such doubt that we are unable to say what Congress would have done had it omitted the unconstitutional feature, the Act must fail. *El Paso & N.R. Co. v. Gutierrez*, 215 U.S. 87, 30 S. Ct 21 (1909).

12. Plaintiff has paid HMFs for import cargo which are not properly required by law on the entries filed under Importer of Record (hereafter "IOR") number 93-0621989-00, entered on or after the date which is two years prior to the date this action was commenced. The total HMF amount represented by those entries filed within two years of the date of this action was taken should be refunded in full together with appropriate interest to plaintiff.

**AS AND FOR A SECOND CAUSE OF ACTION**

13. Plaintiff realleges and incorporates paragraphs 1- 12 above.

14. The form and the manner of collection of the HMF has not changed since its inception on April 1, 1987.

15. The Supreme Court declared that the form and manner of HMF collection constituted an unconstitutional tax on exports, *U.S. v. U.S. Shoe Corp.,* 118 S. Ct. 1290 (1998).

16. The HMF was at no time a valid law and is void *ab initio, Chicago, I. & L. R. Co. v. Hackett,* 228 U.S. 559 (1913); *See* J. Musgrave's concurring opinion, *U.S. Shoe Corp. v. U.S.,* 907 F. Supp. 408 (CIT 1995).

17. The HMF as applied to exports, which is now invalid, can not be severed from the HMF obligations imposed by the Act, therefore the entire Act is void *ab initio.* "[A]n invalid exercise of the power of Congress...[is] as inoperative as if it had never been passed, for an unconstitutional act is not a law, and can neither confer a right or immunity...." *Chicago, I. & L. R. Co. v. Hackett,* 228 U.S. 559, 566 (1913).

18. Plaintiff has paid substantial HMFs for import cargo pursuant to an invalid law, for the period beginning from the effective date of the HMF, April 1, 1987, to the date this action was commenced. This total amount should be refunded in full together with appropriate interest to plaintiff.

**AS AND FOR A THIRD CAUSE OF ACTION**

19. Plaintiff realleges and incorporates paragraphs 1 through 18 above.

20. The HMF as applied to import cargo is being taken by the government in reliance on an unconstitutional Act in violation of the Fifth Amendment of the United States Constitution which provides that "No person shall...be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

21. A statute of limitations that violates the Due Process Clause is an illegal exercise of Congressional power and cannot shield the government from suit. *Battaglia v. General Motors Corp.*, 169 F.2d 254, 257 (2d Cir. 1948).

22. Imposing the two-year jurisdictional period authorized under 28 U.S.C. § 2636(i) applicable to claims brought under 28 U.S.C. § 1581(i) would unjustly deprive Plaintiff of the constitutional right to Due Process as guaranteed by the Fifth Amendment's Due Process Clause. *See* J. Musgrave's concurring opinion, *U.S. Shoe Corp. v. U.S.*, 907 F. Supp. 408 (CIT 1995).

23. Plaintiff has paid substantial import HMF for import cargo which were not and are not properly required by law, for the period beginning from the effective date of the HMFs, April 1, 1987, to the date this action was commenced. This total amount should be refunded in full together with appropriate interest to Plaintiff.

**AS AND FOR A FOURTH CAUSE OF ACTION**

24. Plaintiff realleges and incorporates paragraphs 1-23 above.

25. The U.S. is a contracting party to the Marrakesh Agreement Establishing the World Trade Organization, April 15, 1994, LEGAL INSTRUMENTS—RESULTS OF THE URUGUAY ROUND vol. 31; 33 I.L.M. 144 (1994) (hereafter "WTO Agreement") and its predecessor international agreement, the General Agreement on Tariffs and Trade, Oct. 30, 1947, 61 Stat. A-11, T.I.A.S. 1700, 55 U.N.T.S. 194 (hereafter "GATT").

26. GATT Article III, para. 2 provides, *inter alia,* that "[t]he products of the territory of any contracting party imported into the territory of any other contracting party shall not be subject, directly or indirectly, to internal taxes or other internal charges of any kind in excess of those

applied, directly or indirectly, to like domestic products." *Reprinted in,* J. Jackson, World Trade and The Law of GATT, 804 (1969); WTO Agreement, GATT 1994 Annex. 1A, para. 1(a).

27. Part II, Article III, para. 4 of the WTO Agreement provides, *intra alia,* that "[t]he products of the territory of any contracting party imported into the territory of any other contracting party shall be accorded treatment no less favorable than that accorded to like products of national origin in respect of all laws, regulations and requirements affecting their internal sale, offering for sale, purchase, transportation, distribution or use."

28. International agreements create law and are intended to be adhered to by the contracting parties. *Footwear Distributors and Retailers v. U.S.,* 852 F. Supp. 1078, 1092 (CIT 1994) (*quoting,* Restatement (Third) of the Foreign Relations Law of the United States, § 102(3)).

29. Congress intended that the HMF be applied to both exported and imported products. *See* 26 U.S.C. § 4461.

30. The HMF was declared an unconstitutional tax on exports by the U.S. Supreme Court in *U.S. v. U.S. Shoe Corp.*, 118 S. Ct. 1290 (1998).

31. The remaining HMF unfairly discriminates against imported goods.

32. The import HMF is in conflict with the GATT.

33. The import HMF is in conflict with the WTO Agreement entered into April 15, 1994, ratified by the Senate and signed into law in the U.S. December 8, 1994, Uruguay Round Agreements Act (Pub. L. 103-465).

34. Congress would not have adopted an import HMF without an export HMF.

35. Defendant has collected import HMFs from Plaintiff in violation of international agreements and U.S. law.

36. Plaintiff has paid HMFs for import cargo which should not have been required or collected. Plaintiff has paid HMFs for import cargo which are not properly required by law on the entries filed under IOR number 93-0621989-00, entered on or after the date which is two years prior to the date of commencement of this matter. The total of HMF paid in these entries should be refundable in full, together with appropriate interest.

37. Plaintiff has paid substantial import HMF for import cargo which were not and are not properly required by a law which was void ab initio, for the period beginning from the effective date of the HMF, April 1, 1987, to the date this action was commenced. This total amount for entries addressed in paragraphs 36 and 37 should be refunded in full together with appropriate interest to Plaintiff.

**AS AND FOR A FIFTH CAUSE OF ACTION**

38. Plaintiff realleges and incorporates paragraphs 1-37 above.

39. Prior to the decision in *U.S. v. U.S. Shoe Corp.,* 118 S. Ct. 1290 (1998), the HMF was uniformly assessed against exports and imports.

40. The HMF on imports alone is not uniform and is invalid under Article I, Section 8, Constitution of the United States which provides "[t]he Congress shall have Power to lay and collect Taxes, Duties, Imposts and Excises, to pay the Debts and provide for the common Defense and general Welfare of the United States; but all Duties, Imposts and Excises shall be uniform throughout the United States."

41. Plaintiff has paid HMFs for import cargo which are based on an invalid law in that they constitute nonuniform taxation.

42. Plaintiff has paid HMFs for import cargo which are not properly required by law on the entries filed under IOR number 93-0621989-00, entered on or after, the date which is two years prior to the date this action was commenced.

43. Plaintiff has paid substantial import HMF for import cargo which were not and are not properly required by a law, which was void ab initio for the period beginning from the effective date of the HMF, April 1, 1987, to the date this action was commenced. The total amount paid for entries addressed in paragraphs 42 and 43 should be refunded in full together with appropriate interest to Plaintiff.

**AS AND FOR A SIXTH CAUSE OF ACTION**

44. Plaintiff realleges and incorporates paragraphs 1-43 above.

45. The HMF is a discriminatory tax on imports, since it is not charged, and was declared unconstitutional, on exports.

46. The HMF is an *ad valorem* tax assessed against the value of imported cargo.

47. The *ad valorem* HMF has no rational or reasonable relationship to a legitimate governmental purpose, since the value of the imported goods bears no relation to the depth of the harbor, the size of the vessel, frequency of harbor use, or any other reasonable relation to harbor maintenance.

48. For either reason cited above in paragraph 46 or paragraph 47, the HMF violates the "Commerce Clause", Article I, Section 8, Clause 3, Constitution of the United States, which provides that "[t]he Congress shall have the Power...To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes."

49. Plaintiff has paid HMFs for import cargo which are not properly required by law on the entries filed under IOR number 93-0621989-00, entered on or after the date which is two years prior to the date this action was commenced.

50. Plaintiff has paid substantial import HMF for import cargo which were not and are not properly required by a law which was void ab initio, for the period beginning from the effective date of the HMF, April 1, 1987, to the date this action was commenced. This total amount paid for entries addressed in paragraphs 49 and 50 should be refunded in full together with appropriate interest to Plaintiff.

**AS AND FOR A SEVENTH CAUSE OF ACTION**

51. Plaintiff realleges and incorporates paragraphs 1- 50 above.

52. The HMF *ad valorem* form was declared to be a tax that has no relation to the service of harbor dredging for which it is charged, by the U.S. Supreme Court in *U.S. v. U.S. Shoe Corp.*, 118 S. Ct. 1290 (1998).

53. The HMF on imports is in violation of the GATT and the WTO Agreement which declare that any fee must be commensurate with the services rendered. Art. II (GATT); GATT 1994 para. 1.

54. The HMF on imports is in violation of the GATT and the WTO Agreement which state that any fee must not be a taxation of imports for fiscal purposes. Art. VIII (GATT); GATT 1994 para. 1.

55. The U.S. is a contracting party to the WTO Agreement and its predecessor agreement, the GATT.

56. The WTO Agreement is, and the GATT was, part of U.S. law, due to U.S. ratification of the WTO Agreement, and U.S. acceptance of the GATT.

57. The GATT was, and the WTO Agreement is, part of customary international law, which the U.S. is obliged to follow. *Footwear Distributors and Retailers v. U.S.*, 852 F. Supp. 1078 (CIT 1994).

58. The Defendant has imposed and collects HMF on imports in violation of international agreements and U.S. law.

59. Plaintiff has paid HMFs for import cargo which are not properly required by law on the entries filed under IOR number 93-0621989-00, entered on or after the date which is two years prior to the date of this filing.

60. Plaintiff has paid substantial import HMF for import cargo which were not and are not properly required by a law which was void ab initio, for the period beginning from the effective date of the HMF, April 1, 1987, to the date this action was commenced. This total amount paid for entries in paragraphs 59 and 60 should be refunded in full together with appropriate interest to Plaintiff.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**

61. Plaintiff realleges and incorporates paragraphs 1-60 above.

62. The HMF as applied to import cargo is being taken by the government in reliance on an unconstitutional Act in violation of Article 1, Section 9, Clause 6 of the United States Constitution which provides that "No Preference shall be given by any Regulation of Commerce or Revenue to the Ports of one State over those of another; nor shall Vessels bound to, or from, one State, be obliged to enter, clear, or pay Duties in another."

63. Article 1, Section 9, Clause 6 of the United States Constitution limits the power of Congress to regulate commerce.

64. The HMF as applied to import cargo is not uniformly assessed at all U.S. ports, but only those ports that are primarily import oriented and only those ports which are enumerated in 19 C.F.R. §24.24(b)(1).

65. The HMF as applied to ship cargo provides preference to States having primarily export oriented movements and provides a disadvantage to U.S. ports in competition with Canadian ports.

66. Plaintiff has paid HMFs for import cargo which are not properly required by law on the entries filed under IOR number 93-0621989-00, entered on or after the date which is two years prior to the date this action was commenced.

67. Plaintiff has paid substantial import HMFs for import cargo which were not and are not properly required by a law which was void ab initio, for the period beginning from the effective date of the HMF, April 1, 1987, to the date this action was commenced. This total amount paid for entries addressed in paragraphs 66 and 67 should be refunded in full together with appropriate interest to Plaintiff.

## REQUEST FOR JUDGMENT AND RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment and order against defendant: (i) directing the U.S. Customs Service to refund the HMF paid by plaintiff in accordance with the First Cause of Action for the period extending back to the date which is two years prior to the date this action is filed; (ii) directing the U.S. Customs Service to refund the HMF paid by plaintiff in accordance with the Second Cause of Action, for the amount extending back to April 1, 1987, the effective date of the HMF; (iii) directing the U.S. Customs Service to refund the HMF paid by plaintiff in accordance with the Third Cause of Action, for the amount extending back to April 1, 1987, the effective date of the HMF; (iv) directing the U.S. Customs Service to refund the HMF paid by plaintiff in accordance with the Fourth Cause of Action for the period extending back to April 1, 1987, the effective date of the HMF or to the date which is two years prior to the date this action was filed, and (v) directing the U.S. Customs Service to refund the HMF paid by plaintiff in accordance with the Fifth Cause of Action for the period extending back to April 1, 1987,

the effective date of the HMF or to the date which is two years prior to the date this action was filed, (vi) directing the U.S. Customs Service to refund the HMF paid by plaintiff in accordance with the sixth cause of action for the period extending back to April 1, 1987, the effective date of the HMF or to the date which is two years prior to the date this action was filed, (vii) directing the U.S. Customs Service to refund the HMF paid by plaintiff in accordance with the seventh cause of action for the period extending back to April 1, 1987, the effective date of the HMF or to the date which is two years prior to the date this action was filed, (viii) directing the U.S. Customs Service to refund the HMF paid by plaintiff in accordance with the eighth cause of action for the period extending back to April 1, 1987, the effective date of the HMF or to the date which is two years prior to the date this action was commenced, each with appropriate interest from the date of payment, together with costs and attorneys' fees; and (ix) for such other and further relief as this Court deems just and proper.

Dated: 8/9/01
Fairfield, CT

Respectfully submitted,

MEEKS & SHEPPARD
1735 Post Road, Suite 4
Fairfield, CT 06430
(203)256-1401
Attorneys for Plaintiff

By: [signature]
Barbara Dawley

**CERTIFICATE OF SERVICE**

Ralph H. Sheppard, certifies that I am over the age of 18 years, am not a party to this action, and that on the 9th of August, 2001, I served a copy of the annexed papers upon the Department of Justice, by delivering a true copy thereof by registered or certified mail, return receipt requested to:

Attorney-in-Charge
International Trade Field Office
Commercial Litigation Branch
U.S. Department of Justice
26 Federal Plaza
New York, New York 10278

Dated: 8/9/01
Fairfield, CT

Ralph H. Sheppard

RECEIVED & FILED
2001 AUG 10 P 12:47
U.S. COURT OF
INTERNATIONAL TRADE
LEO M. GORDON, CLERK